## MAURICE CARTER V. THE STATE.

No. 23836. Delivered December 10 ,1947.
Rehearing Denied January 21 ,1948.

*Clyde F. Winn*, of Waxahachie, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a year in the county jail on a charge of aggravated assault.

The record before us is without bills of exception and the only question presented for our consideration is the contention that the evidence is insufficient to sustain the jury's verdict.

In his amended motion for a new trial complaint is made because the court refused to instruct the jury, "on request and motion made by defendant, not to consider for any purpose evidence introduced by the state showing that defendant in the year of 1941 had been convicted of the offense of burglary in the District Court of Ellis County, * * *." Appellant was testifying in his own behalf and admitted that he plead guilty to the offense of burglary in the year 1941. Thereafter, the State introduced the record showing the judgment and we do not find that any objection was made to it. Neither do we know

what objection, if any, defendant could properly have lodged against it.

It is further urged, in his motion for new trial, that the verdict of the jury is contrary to the weight of the evidence. To this is added a great many specific objections. We think that all of these objections may be considered on the question of the sufficiency of the evidence. It was not necessary that the jury believe anything testified to by any witness in the case, whether for the State or the defense, and this Court has no power to reverse the case if they have failed to do so. There are no objections to any of the evidence, no requested charges which are not covered by the main charge, and there is no complaint that the main charge does not fairly present the issues. We think it does.

Unquestionably, the evidence from the witnesses for the State, on the one side, and the defendant on the other, are as much out of harmony as if they were testifying to two different offenses. According to the prosecuting witness and several women with whom he associated, one of whom was to marry him in a day or two, the appellant had, throughout the forenoon, been constantly threatening Lewis Huckleby. Because there was a great difference in the size of the two men, and because of the friendship of the women for Huckleby, they had taken him into their custody for protection practically all of the forenoon. They had him in a room in a residence, part of which was used as a cafe, and while there the appellant undertook to break in. Appellant was drinking while Huckleby was not. This continued for the most part until three o'clock in the afternoon when appellant caught Huckleby off his guard and dashed at him, with a black handle razor in his hip pocket and throwing brick bats at him. The latter picked up some rocks and began throwing at appellant. At this, appellant drew the razor and made at him. Huckleby drew his knife and each one cut the other, Huckleby receiving the more serious wounds. Appellant got him down, stomped him, and was pulled off by one of the parties. The policeman found Huckleby on the ground with his back badly slashed and could hear him breathing through the wound. He also had a cut on the lower part of one leg. The wounds were serious and the scars were exhibited to the jury. Such is the State's case.

According to the defendant's testimony he left town about nine o'clock in the morning with a cousin and a friend, both of whom testified in his behalf. They first went to Ennis, then

to Dallas and back to Waxahachie at four o'clock, or later. They went to a house near the cafe, in which a lot of men were gambling. The prosecuting witness was there. He had a knife and soon was engaged in chasing the appellant who had nothing. Appellant fell against a well and the prosecuting witness fell on him and began cutting him. Appellant secured the knife and inflicted the wounds on the prosecuting witness in his effort to release himself. He did not stomp Huckleby at all. This occurred on April 30, 1947, which was Wednesday. One of the witnesses for appellant was attending a Veterans Training School and was quite certain that the trip they made, and all of the occurrences about which he testified, was on Saturday. There are several conflicts in the testimony of appellant's witnesses, but their conflicts are no more conspicious than is the fact that all of the State's witnesses saw everything done in the exact order of time and manner of performance.

The seriousness of the wounds inflicted, as described by several witnesses, would sufficiently support the jury's finding that the assault made was aggravated. Whether or not appellant was justified in acting in his own self-defense is also a question for the jury. Any comment on the reasonableness of the testimony given by either side would not be appropriate in this opinion. The jury must have disregarded all of the testimony of the defendant's witnesses. It gave credit to the State's witnesses and having done so, under the circumstances described by the record, the penalty is a reasonable one.

We find no reversible error and the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed a motion for a rehearing in which he contends that we erred in our original opinion in holding that the evidence was sufficient upon which the jury could reasonably base their conclusion of his guilt.

We have again reviewed the record with his contention uppermost in our mind but remain of the opinion that the evidence is sufficient to sustain his conviction for the offense of an aggravated assault. So believing, his motion for a rehearing is overruled.

Opinion approved by the Court.